**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Melinda D. Bullard, ) | |
| ) | Civil Action No.: 1:17-cv-00432-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of Magistrate Judge Shiva V. Hodges' ("Magistrate Judge") Report and Recommendation ("Report") filed on October 12, 2017 (ECF No. 22). The Report addresses Plaintiff Melinda D. Bullard's ("Plaintiff") claim for disability benefits and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further proceedings. (ECF No. 22 at 50.) For the reasons stated herein, the court **ACCEPTS** the Report and incorporates it herein, **REVERSES** the Commissioner's decision, and **REMANDS** the action for further administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 22.) As brief background, Plaintiff filed an application for disability benefits on March 20, 2013, and her application was denied initially. (*Id.* at 1.) After a hearing was held on April 30, 2015, an administrative law judge ("ALJ") determined, on June 29, 2015, that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b). (*Id.* at 2; ECF No. 12-2 at 35.) Despite the finding of light

1

work, the ALJ also stated that even though Plaintiff could "occasionally climb ramps and stairs," she could never "climb ladders, ropes, or scaffolds" or be "[exposed] to workplace hazards, such as unprotected heights or moving mechanical parts." (ECF No. 12-2 at 35.) In addition, the ALJ opined that Plaintiff could "perform all other postural activities . . . occasionally"; "frequently reach bilaterally, both overhead and in all directions"; and "interact with supervisors, co-workers, and the public." (*Id.*) After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that there were "jobs that exist in significant numbers in the national economy that [she could] perform." (*Id.* at 41.) On this basis, the ALJ denied disability benefits to Plaintiff because she was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 42.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on January 19, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on February 10, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that the ALJ "did not err in failing to consider [Plaintiff's rheumatoid arthritis] as a severe impairment . . . ." (ECF No. 22 at 25.) However, the Magistrate Judge did conclude that the ALJ erred as follows: (1) in deciding that Plaintiff's fibromyalgia was not a severe impairment; and (2) when discounting Plaintiff's credibility. (*Id.* at 43-44, 48-49.) Most importantly, the Report noted that the ALJ failed "to consider Plaintiff's fibromyalgia at subsequent steps and that his credibility finding was not supported by substantial evidence." (*Id.* at 49.) The Report ultimately recommended that the court reverse the

Commissioner's decision and remand the matter for additional administrative proceedings. (*Id.* at 51.)

The parties were apprised of their opportunity to file specific objections to the Report on October 12, 2017. (*Id.* at 51.) On October 26, 2017, the Commissioner filed an Objection to the Report and argued that substantial evidence supported the ALJ's determination regarding Plaintiff's fibromyalgia. (ECF No. 25 at 1.) Additionally, the Commissioner alleged that the Report impermissibly: (1) reweighs medical evidence considered by the ALJ; (2) relies upon Plaintiff's subjective reports and not objective evidence as required by the Commissioner's regulations; (3) considers evidence that falls outside the relevant period; and (4) depends upon findings from unacceptable sources as opposed to "acceptable medical sources alone." (*Id.* at 2.) The Commissioner urges the court to affirm her decision and to reject the Magistrate Judge's Report. (*Id.* at 7.) On July 5, 2018, Plaintiff replied in opposition to the Commissioner's Objection. (ECF No. 21.) Plaintiff maintains that the Magistrate Judge: (1) did not reweigh medical evidence; (2) permissibly evaluated subjective and objective evidence; (3) appropriately relied on medical evidence within and outside the relevant period; and (4) merely referenced, as opposed to depending upon, unacceptable sources. (*Id.* at 2-5.) Plaintiff requests the court to adopt the Magistrate Judge's Report and to remand the action for further administrative proceedings. (*Id.* at 5-6.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains

with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

As it relates to the dispute over fibromyalgia, the Commissioner maintains four objections to the Magistrate Judge's Report. (ECF No. 25 at 2.) First, the Commissioner alleges that the Report reweighs medical evidence considered by the ALJ. (*Id.*) Second, the Commissioner maintains that the Report, in violation of federal regulations, impermissibly relied on Plaintiff's

4

subjective reports. (*Id.*) Third, the Commissioner argues that the Report relies on evidence that falls outside of the relevant period. (*Id.*) Lastly, the Commissioner submits that the Report, also in violation of federal regulations, relied upon unacceptable medical sources. (*Id.*) The court will only consider the first objection below.

**1. <u>Reweighing of the Medical Evidence</u>**

The Commissioner argues that the Report "impermissibly reweighed medical evidence that was considered by the ALJ in his decision, much of which was not cited in Plaintiff's brief, and much of which is subject to reasonable interpretation." (*Id.*) Specifically, the Commissioner suggests that the Report "engages in a *de novo* reconciliation of the objective medical evidence of record to the diagnostic criteria set forth in SSR 12-2p, relying primarily on evidence not cited in Plaintiff's brief." (*Id.* at 4.) After a careful consideration, the court rejects this objection and finds that the Report does nothing of the sort.

Generally, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Craig*, 76 F.3d at 589. In order to uphold an ALJ's decision, the ALJ must apply the correct legal standards and his factual findings must be supported by substantial evidence. *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) ("When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.") (citations omitted). Therefore, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971).

Fibromyalgia is "a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least [three] months." SSR 12-2p, 2012 WL 3104869, at *2 (July 25, 2012). A claimant may establish that he or she has a medically determinable impairment ("MDI") of fibromyalgia from an acceptable medical source. *Id.* While a licensed physician is the only acceptable medical source, a licensed physician's diagnosis is insufficient to determine whether a claimant has a MDI of fibromyalgia. *Id.* Instead:

> The evidence must document that [a] physician reviewed [a] [claimant's] medical history and conducted a physical exam. [The Commissioner] will review [a] physician's treatment notes to see if they are consistent with the diagnosis of [fibromyalgia], determine whether the [claimant's] symptoms have improved, worsened, or remained stable over time, and establish [a] physician's assessment over time of the person's physical strength and functional abilities.

*Id.* Pursuant to SSR 12-2p, a diagnosis of fibromyalgia is established through the 1990 American College of Rheumatology ("ACR") Criteria for the Classification of Fibromyalgia ("1990 Criteria") or the 2010 ACR Preliminary Diagnostic Criteria ("2010 Criteria"). *Id.* Under the 1990 Criteria, a claimant must have all three of the following to have fibromyalgia: (1) a history of widespread pain in all quadrants of the body, which must have persisted for at least three months; (2) at least eleven positive tender points, which must be found bilaterally (on the left and right sides of the body) and be above and below the waist, as determined from a physical examination; and (3) evidence that other disorders were excluded as the cause of the symptoms. *Id.* at *3. Likewise, under the 2010 Criteria, a claimant must show all three of the following to have fibromyalgia: (1) a history of widespread pain; (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions;[1] and (3) evidence that other disorders were excluded as the cause of the symptoms. *Id.*

---

[1] Under the 2010 Criteria, symptoms of fibromyalgia include: muscle pain, irritable bowel syndrome, fatigue or tiredness, thinking or remembering problems, muscle weakness, headache,

Upon review, the Report carefully recounts some of the evidence that was before the ALJ, but was not considered in the actual decision. (ECF No. 22 at 39-44.) As opposed to reweighing evidence, the Report identifies contradictory evidence that the ALJ failed to address when discussing Plaintiff's fibromyalgia. (*Compare Id.* at 38-44, *with* ECF No. 12-2 at 32.) For example, regarding the possible existence of other conditions, the ALJ concluded that "there is insufficient evidence of exclusion of other conditions that may be causing the claimant's symptoms . . . ." (ECF No. 12-2 at 32.) The Report, on the other hand, accurately notes that conditions were excluded by Plaintiff's physicians despite the ALJ's erroneous conclusion. (ECF No. 22 at 39-41.) Most importantly, the ALJ does not disclose the basis for the aforementioned conclusion even though "the ALJ should have reasonably inferred that earlier existing records might show that other potential diagnoses were excluded." *Toney v. Berryhill*, No. 9:17-cv-00080, 2018 WL 4090630, at *3 (D.S.C. Aug. 28, 2018) (citations omitted) (holding that an ALJ erred in determining that a claimant did not have a MDI of fibromyalgia and that the ALJ could have inferred that other diseases were excluded). The Report, contrary to the Commissioner's assertion, simply explains why the ALJ's assessment of fibromyalgia is unsupported by substantial evidence. (*Id.*) While the ALJ is not required to refer to every piece of evidence, he must articulate a legitimate reason for his conclusion. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). By vaguely referring to "insufficient evidence," without any other evidentiary discussion, the court is not persuaded that the ALJ has met the substantial evidence standard. *See Brown v. Comm'r of*

---

pain or cramps in the abdomen, numbness or tingling, dizziness, insomnia, depression, constipation, pain in the upper abdomen, nausea, nervousness, chest pain, blurred vision, fever, diarrhea, dry mouth, itching, wheezing, Raynaud's phenomenon, hives or welts, ringing in the ears, vomiting, heartburn, oral ulcers, loss of taste, change in taste, seizures, dry eyes, shortness of breath, loss of appetite, rash, sun sensitivity, hearing difficulties, easy bruising, hair loss, frequent urination, or bladder spasms. SSR 12-2p, 2012 WL 3104869, at *3 n.9 (July 25, 2012).

*Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017) ("Significantly, however, the ALJ must 'build an accurate and logical bridge from the evidence to his conclusion' . . . ." (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016))).

The Report further considers the ALJ's questionable analysis of Plaintiff's tender points. (ECF No. 22 at 42-43.) The ALJ stated the following in regard to the record:

> [T]he record does indicate an examination of [eighteen] tender points one time and [twelve] tender points during another examination . . . however, in each examination the locations of the tender points are not identified to establish that they are present bilaterally and in all quadrants of the body as required by SSR 12-2p.

(ECF No. 12-2 at 32.) However, the Report points to numerous examinations in which Plaintiff satisfied the 1990 Criteria because she exhibited the required number of tender points. (ECF No. 22 at 42.) The ALJ failed to mention these examinations. (ECF No. 12-2 at 32.) The ALJ's analysis is not saved merely because all "the locations of the tender points are not identified." (*Id.*) In the event of an insufficiency, SSR 12-2p permits the ALJ to take affirmative steps to obtain any additional information that is needed. 2012 WL 3104869, at *4 (July 25, 2012). The ALJ's decision does not indicate that such affirmative steps were taken. (ECF No. 12-2 at 32.) Given that the ALJ did not even mention Plaintiff's other examinations, as mentioned by the Report (ECF No. 22 at 42-43), the court cannot conclude that the ALJ's fibromyalgia determination was based upon substantial evidence.[2] *See Walls*, 296 F.3d at 290. As such, remand is necessary because the court

---

[2] The court is concerned that the ALJ did not specifically mention elements of the 1990 Criteria and 2010 Criteria during the course of his brief analysis. (*See* ECF No. 12-2 at 32.) For example, as required by the 2010 Criteria, the ALJ does not address whether Plaintiff possessed any symptoms of fibromyalgia. (*See id.*) Upon remand, the ALJ must show his work to aid in judicial efficiency and because the court will not "fill in blanks . . . in the first instance." *Patterson v. Comm'r of Soc. Sec. Admin.*, 843 F.3d 656, 661-63 (4th Cir. 2017).

8

is "left to guess about how the ALJ arrived at his conclusions" regarding Plaintiff's fibromyalgia.[3] *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015) (requiring remand when an ALJ's analysis was lacking and did not permit meaningful judicial review).

## 2. **The Commissioner's Additional Objections**

The Commissioner presented additional objections to the Report. (ECF No. 25 at 2.) The court need not consider these arguments because the ALJ will have an opportunity to reconsider the entire decision and will reexamine the evidence in totality during a *de novo* review. *See Fleeger v. Berryhill*, No. 16-318, 2017 WL 143193, at *4 n.3 (W.D. Pa. Apr. 24, 2017) (declining to consider an additional argument by a claimant because the claimant's RFC would be reconsidered *de novo* by an ALJ); *Astuto v. Colvin*, 16-CV-1870 (PKC), 2017 WL 4326508, at *8 n.7 (E.D.N.Y. Sept. 28, 2017) (declining to consider an additional argument by a claimant because the action would be considered *de novo* by an ALJ). Thus, the court need not issue findings about the Commissioner's additional objections because the ALJ will oversee new administrative proceedings. *See Toney*, 2018 WL 4090630, at *5 n.5 ("Because the court has determined remand to be appropriate for these reasons, the court declines to address [claimant's] other objections to the Report.").

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 25) and the Magistrate Judge's Report (ECF No. 22), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation

---

[3] In the instant case, the ALJ's error is not harmless because it affects subsequent determinations by the ALJ, including those involving credibility. *See Buell v. Berryhill*, 716 F. App'x 600, 602-03 (9th Cir. 2017); *Toney*, 2018 WL 4090630, at *4-5 (holding that an ALJ's error in finding a claimant's fibromyalgia as not medically determinable was not harmless error because it potentially impacted subsequent steps of the disability determination.)

(ECF No. 22) and incorporates it herein, **REVERSES** the decision of the Commissioner of Social Security Administration, and **REMANDS** the action for further administrative proceedings.

    **IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

September 25, 2018
Columbia, South Carolina