# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Melinda D. Bullard, | ) |
|                   Plaintiff, | ) Civil Action No.: 1:17-cv-00432-JMC |
| v. | ) **ORDER** |
| Andrew M. Saul, Commissioner of Social Security Administration,[1] | ) |
|                   Defendant. | ) |

This matter is before the court upon Plaintiff's Petition for Fees Under the Equal Access to Justice Act ("EAJA") pursuant to 28 U.S.C. § 2412(d). (ECF No. 32.) The Commissioner of the Social Security Administration ("the Commissioner") opposes the Petition on the ground that his position in defending this case was substantially justified. (ECF No. 33 at 1.) For the reasons set forth below, Plaintiff's Petition for Fees Under the Equal Access to Justice Act (ECF No. 32) is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 2013, Plaintiff alleged disability at the age of fifty-five as a result of a variety of severe and non-severe physical and mental impairments, including fibromyalgia, rheumatoid arthritis, depression, anxiety, cervical degenerative disc disease, headaches,

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security Administration. *See* Jim Borland, *Social Security Welcomes its New Commissioner*, SOC. SEC. ADMIN.: BLOG (June 17, 2019), https://blog.ssa.gov/social-security-welcomes-its-new-commissioner/. Thus, Andrew M. Saul is automatically substituted as a party in the instant matter. *See* Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but an misnomer not affecting the parties' substantial rights must be disregarded."). The court directs the Clerk of Court for the United States District Court for the District of South Carolina to substitute Andrew M. Saul as the Commissioner of Social Security Administration for all pending social security cases.

1

ankylosing spondylitis, and osteoarthritis of the right foot. (ECF No. 17 at 3.) On September 13, 2013, Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") was denied initially and upon consideration by the Administrative Law Judge ("ALJ") of the Social Security Administration on November 14, 2013. (ECF No. 12-4 at 13, 30.) The ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and thus not entitled to benefits. (ECF No. 12-2 at 42.) Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review on January 19, 2017, making the ALJ's decision the final decision of the Commissioner for the purposes of judicial review. (*Id*. at 2.) Thereafter, Plaintiff sought judicial review of the Commissioner's decision from this court by filing her Complaint on February 10, 2017. (ECF No. 1.)

Plaintiff's appeal of the ALJ's decision was referred to the Magistrate Judge pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C). (ECF No. 22.) Plaintiff argued, in part, that the ALJ erred by deciding that her fibromyalgia was not a severe impairment, and she was not credible as to her pain. (ECF No. 17 at 18–19.) The Commissioner argued that the ALJ's finding, that Plaintiff's fibromyalgia was a non-severe impairment, was supported by substantial evidence and the ALJ followed the law and the Commissioner's regulations when assessing Plaintiff's credibility. (ECF No. 18 at 14, 19.) The Magistrate Judge issued a Report and Recommendation ("Report") on October 12, 2017, recommending that the Commissioner's decision be reversed and remanded for further administrative action. (ECF No. 22 at 1.) On October 26, 2017, the Commissioner filed his Objections, arguing that substantial evidence supports the ALJ's determination that Plaintiff's fibromyalgia was not a medically determinable impairment and that the Report erred by relying on improper evidence and reweighing medical evidence. (ECF No. 25 at 1–2.)

Thereafter, this court addressed the Commissioner's Objections and accepted the Report by its Order of September 25, 2018 (ECF No. 30), which reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and remanded Plaintiff's action to the Commissioner for further administrative proceedings. (ECF No. 30 at 1.) As a result of this finding, Plaintiff became a "prevailing party" within the meaning of the EAJA and thereby, potentially, entitled to an award of attorney's fees. *See Shalala v. Schaefer*, 509 U.S. 292, 310 (1993).

Accordingly, Plaintiff filed her Petition for Attorney's Fees on October 22, 2018, arguing that the Commissioner's position was not substantially justified. (ECF No. 32 at 2.) Plaintiff requested an award of attorney's fees in the amount of one hundred and ninety-one dollars and forty-eight cents ($191.48) per hour for 41.4 hours of court-related time—a total of seven thousand nine hundred and twenty-seven dollars and twenty-seven cents ($7,927.27). (*Id*. at 4.) The Commissioner responded by filing his Objections to Plaintiff's Motion for Attorney's Fees on November 5, 2018, arguing that his position was substantially justified. (ECF No. 33 at 1.) On November 16, 2018, Plaintiff filed her Reply to Defendant's Objection, arguing that the Commissioner urges the court to use the wrong legal standard and claims that he was not reasonable and therefore not substantially justified. (ECF No. 34 at 3, 5.) Further, Plaintiff's Reply to Defendant's Objection requests an additional one thousand four hundred and thirty-six dollars and sixty-one cents ($1,436.61) for the time spent preparing the Reply, bringing Plaintiff's total request for attorney's fees to nine thousand three hundred and sixty-three dollars and thirty-seven cents ($9,363.37). (ECF No. 34 at 9–10.)

## II. STANDARD OF REVIEW

"A party who prevails in litigation against the United States is entitled to attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). The Commissioner has the burden of demonstrating substantial justification in both fact and law. *Id*. "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). If the Commissioner's position is based on an arguably defensible administrative record, then it is substantially justified. *See Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). The Commissioner's position may be justified even though it is incorrect and may be substantially justified if a reasonable person could believe the Commissioner's position was appropriate. *See Pierce v. Underwood*, 487 U.S. 552, 566 (1988). Additionally, a federal district court has broad discretion to set an attorney-fee amount: "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 163 (1990).

If the ALJ failed to perform certain required analyses, then the Commissioner's position cannot be substantially justified. *See Makinson v. Astrue*, 586 F. Supp. 2d 491, 495 (D.S.C. 2008); *Adams v. Barnhart*, 445 F. Supp. 2d 593, 596 (D.S.C. 2006). However, if the ALJ merely failed to articulate a decision that was otherwise reasonable in law and fact, but subsequently clarified its decision on remand, then the Commissioner's position can be substantially justified. *See Hurell v. Barnhart*, 444 F. Supp. 2d 574, 577 (D.S.C. 2006) (finding that "while the

Commissioner's position was not explained as thoroughly as this court requires, it had a basis both in law and fact that could satisfy a reasonable person").

Several courts in this district have recently held that the Commissioner's position was not substantially justified to a degree that could satisfy a reasonable person when the ALJ failed to consider and adequately explain his or her evaluation of the combined effects of an individual's impairments. *See Scalf v. Astrue*, CA 4:10–1192–MBS, 2012 WL 80212 (D.S.C. Jan. 11, 2012); *Harmon v. Astrue*, CA 9:09–1964–DCN–BM, 2011 WL 2623346 (D.S.C. July 5, 2011); *Gray v. Astrue*, CA 0:08–3910–PMD, 2010 WL 2622391 (D.S.C. June 25, 2010); *Dibiase v. Comm'r of Soc. Sec.*, CA 1:09–338–RBH, 2010 WL 4393242 (D.S.C. Oct. 29, 2010). But *see Thornsberry v. Astrue*, CA 4:08–4075–HMH–TER, 2010 WL 146483 (D.S.C. Jan. 12, 2010) (finding that "while the ALJ could have been more explicit in stating that his discussion dealt with the combination of Thornsberry's impairments, his overall findings adequately evaluate the combined effect of Thornsberry's impairments").

### III. DISCUSSION

In this case, the court found that the ALJ's fibromyalgia determination was not based upon substantial evidence. *Bullard v. Comm'r of Soc. Sec. Admin.*, No. 1:17-cv-00432-JMC, 2018 WL 4575148, at *3 (D.S.C. Sept. 25, 2018). The court was particularly troubled by the lack of analysis present in the ALJ's decision because his decision claimed that the information provided by Plaintiff was insufficient to demonstrate her credibility, but the ALJ failed to take affirmative steps to obtain that information pursuant to SSR 12-2p. *Id*. The court rejected the Commissioner's argument that the Report impermissibly reweighed evidence because the ALJ simply failed to address contradictory evidence when discussing Plaintiff's fibromyalgia. *Id*. at 7. For these reasons, the ALJ's initial decision was not based upon substantial evidence because his

credibility determination was flawed in that he failed to conduct a sufficient analysis as required under SSR 12-2p. *See Makinson*, 586 F. Supp. 2d at 495–96; *Adams*, 445 F. Supp. 2d at 596 (holding that an ALJ's failure to comport with the basic requirements of an SSR means that the government's actions are not substantially justified by law).

Defendant's Objections to Plaintiff's Petition simply rehashes the ALJ's initial reasoning by relying on SSR 12-2p's presumption that the ALJ need not consider evidence from before the date of alleged onset of disability or more than twelve months before the date of application. (ECF No. 33 at 6.) However, SSR 12-2p's timing requirements are guidelines for evidence which the ALJ *must* obtain and review for the purposes of making a decision. SSR 12-2p(III)(A)(2), 2012 WL 3104869. Those timing guidelines in no way give an ALJ discretion to disregard evidence of an applicant's disability, especially when the ALJ's decision to deny benefits relies in large part on a finding of insufficient evidence.

SSR 12-2p requires a careful analysis of the record in fibromyalgia cases, and the ALJ failed to conduct that analysis by disregarding evidence that is *only presumed* to be unnecessary for the ALJ to request for review under SSR 12-2p. *See Walker v. Colvin, Acting Comm'r of Soc. Sec.*, CA 1:15-cv-1234, 2016 WL 6995265 at *2 (N.D. Ohio Nov. 30, 2016) (holding that the Commissioner's failure to follow his only Social Security Ruling pertaining to the evaluation of fibromyalgia means that the Commissioner's position was not substantially justified). For the same reasons the ALJ's initial decision was not based on substantial evidence, the Commissioner's position here cannot be substantially justified. *See Hurell*, 444 F. Supp. 2d 577 (holding that the ALJ must provide thorough reasoning and adequate reference to the record and, if not, the Commissioner's position after remand must have a reasonable basis in law and fact).

Further, the Commissioner's assertion that "there is simply no medical evidence present in the administrative record that justifies the Commissioner's diagnostic criteria for establishing fibromyalgia as a medically determinable impairment" starkly contradicts this court's Order, which, by adopting the Magistrate Judge's Report (ECF No. 22), details the evidence ignored by the ALJ establishing fibromyalgia as a medically determinable impairment. (ECF No. 30.) Therefore, the Commissioner's position in his Objection to Plaintiff's Petition cannot be said to be reasonable in fact or substantially justifiable because the Commissioner insists on ignoring evidence which this court has held establishes Plaintiff's fibromyalgia as a medically determinable impairment. *See Smith*, 739 F.2d 146 (holding that substantially justified means both reasonable in law and fact).

Therefore, because it merely recounts the ALJ's arguments and refuses to clarify them, the Commissioner's evidentiary argument and his failure to perform the analysis as required by SSR 12-2p, taken together, are unreasonable in both fact and law, so the Commissioner's position cannot be substantially justified. *Id*.

## IV. CONCLUSION

Having considered the record, the court finds that the Commissioner's position was not substantially justified. Therefore, Plaintiff's Petition for Fees Under the Equal Access to Justice Act (ECF No. 32) is **GRANTED**. The court awards nine thousand three hundred and sixty-three dollars and thirty-seven cents ($9,363.37) for services rendered in the representation of Plaintiff's case-in-chief. (ECF No. 34 at 9–10.) In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the court directs these fees to be payable directly to Plaintiff, with notice of the payment to be sent to Plaintiff's counsel.

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

August 5, 2019
Columbia, South Carolina