**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Melinda D. Bullard,            ) | |
|                                ) | Civil Action No.: 1:17-cv-00432-JMC |
| Plaintiff,                     ) | |
|                                ) | **ORDER** |
| v.                             ) | |
|                                ) | |
| Andrew M. Saul, Commissioner of Social ) | |
| Security Administration,       ) | |
|                                ) | |
| Defendant.                     ) | |
|                                ) | |

On October 18, 2019, Plaintiff Melinda Bullard ("Plaintiff") filed a Petition for Attorney's Fees (ECF No. 37) pursuant to 42 U.S.C. § 406(b)(1). In the Petition, Plaintiff requests reimbursement for representation Plaintiff's counsel ("Counsel") provided in the above-referenced case in the amount of $16,855.00. (*Id.* at 1.) The $16,855.00 amounts to 25% of Plaintiff's past-due benefits withheld by Defendant. (*Id.*) Defendant filed a response to Plaintiff's Petition and does not oppose Plaintiff's request. (ECF No. 38 at 1.) Both Plaintiff and Defendant agree that if Plaintiff is awarded attorney's fees under § 406(b)(1), Counsel should remit to Plaintiff the attorney's fees Counsel previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*See* ECF Nos. 37 at 2, 38 at 1-2.)

Under § 406(b)(1), a district court may award fees to a successful Social Security benefits claimant's lawyer for his representation before the court. ("Whenever a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"). In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court clarified the legal framework to be used for awarding attorney's fees under § 406(b)(1) for the successful in-court

1

representation of a claimant who signed a contingent-fee agreement. It held that when the contingent-fee agreement and requested fee do not exceed 25% of the past-due benefits, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. The Court did not provide a definitive list of factors to be considered because it recognized that the "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 808). Nevertheless, it noted that a reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court; or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.* (citing *Gisbrecht*, 535 U.S. at 807).

After reviewing Plaintiff's Petition (ECF No. 37), Counsel's Supporting Memorandum (ECF 37-1), and Plaintiff's Attorney's Fees Agreement (ECF No. 37-2), the court concludes that Plaintiff's request for attorney's fees is reasonable. Counsel successfully represented Plaintiff before the court, there is no evidence of substandard attorney services, and the amount of the award is not extraordinarily large in comparison to the amount of time Counsel spent on the case. (*See* ECF No. 37-1.) Therefore, the court orders Defendant to certify and release the remaining $16,855.00 of the past-due benefits to Counsel.

Plaintiff previously received fees under the EAJA in the amount of $9,363.37. (*See* ECF Nos. 36, 37.) When fees are awarded under both the EAJA and § 406(b)(1), the claimant's attorney must refund to the claimant the amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 807. Therefore, the court orders Counsel to refund these funds to Plaintiff in full.

The court **GRANTS** Plaintiff's Petition for Attorney's Fees (ECF No. 37). The court awards Counsel $16,855.00 in attorney's fees under § 406(b)(1) and orders Counsel to remit to

Plaintiff the fee previously awarded under the EAJA in the amount of $9,363.37 immediately after receipt of the fees collected under § 406(b)(1).

    **IT IS SO ORDERED.**

                                         *J. Michelle Childs*
                                United States District Court Judge

July 30, 2020
Columbia, South Carolina

3